UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. VU TRUONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 23-cv-00200-GKF-JFJ ) |
| 1. ACCEPTANCENOW, now ACIMA HOLDINGS, LLC and <br> 2. UPBOUND GROUP INC., | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is a civil action by Plaintiff Vu Truong, an individual consumer, seeking actual and statutory damages against Defendants UpBound Group, Inc. and AcceptanceNow, now ACIMA Holdings, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA"), prohibiting furnishers from reporting inaccurate information after notice and confirmation of errors from the consumer.

//

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The Defendants transact business in Tulsa, Tulsa County, Oklahoma, and the conduct complained of occurred in Tulsa, Oklahoma.

3. Under 28 U.S.C. § 1391(c)(2), "For all venue purposes—an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a Defendants, in any judicial district which such Defendants is subject to the court's personal jurisdiction[.]"

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

### III.  PARTIES

5. Plaintiff Vu Truong (hereinafter "Plaintiff") is a natural person and a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C § 1681a(b) and (c).

6. Upon information and belief, Defendant UpBound Group Inc., formerly named Rent-A-Center, Inc., is the Delaware parent corporation of AcceptanceNow, now ACIMA Holdings, LLC with its principal place of business located at 5501 Headquarters Drive, Plano, TX 75024.

7. Upon information and belief, Defendant ACIMA Holdings, LLC is a Utah corporation with its principal place of business located Sandy, UT 84070. The Registered agent is Corporation Service Company located at 15 W. South Temple, Ste. 600, Salt Lake City, UT 84101. Formation Date: April 23, 2018.

### IV.  FACTS OF THE COMPLAINT

8. On September 29, 2021, the Plaintiff obtained a copy of his consumer report and discovered incomplete, inaccurate, and false information was furnished by the Defendants to the credit reporting agencies Transunion, Equifax, and Experian.

9. Defendant UpBound Group Inc., by and through ACIMA Holdings, LLC, furnished a trade line on the Plaintiff's consumer credit report for consumer reporting agency Transunion in the amount of $6,002.00 under account number 250001387R076250****. However, reported a balance for the same account number to consumer reporting agency Equifax in the amount of $5,997.00.

10. The Defendants reported an open date for the Plaintiff's account as February 15, 2018, for Transunion, whereas the reported an open date for Equifax and Experian as February 1, 2018. Furthermore, Defendant ACIMA Holdings, LLC reported a last payment date of February 15, 2018, for Transunion and Experian, but the last payment date reported to Equifax was February 1, 2018.

11. On November 5, 2021, Mr. Truong disputed the incorrect information by sending dispute letters to Equifax, Experian and Transunion for reporting inaccurate information. Specifically, the Plaintiff requested for verification and proof of documentation to substantiate the reported derogatory account and requested that any incorrect reporting be deleted.

12. Upon information and belief, Equifax, Experian and Transunion sent a dispute to the Defendants providing all relevant disputed information.

13. Upon information and belief, the Defendants verified to Equifax, Experian and Transunion that the tradeline was accurate.

14. On February 15, 2022, May 24, 2022, August 30, 2022 and November 22, 2022, the Plaintiff checked his credit report and noticed that the inaccurate information was still being reported by the Defendants on his consumer credit report. The Plaintiff also notice that the account was not marked disputed.

15. On February 28, 2023, the Plaintiff checked his consumer credit report, and observed that tradeline still being reported without the notation that the account was

being disputed.

16. The Defendants furnishing of inaccurate and incomplete information has severely damaged the personal and credit reputation of the Plaintiff. Consequently, this tradeline has and is currently negatively impacting the Plaintiff, including but not limited to the lowering of the Plaintiff's FICO scores, the Plaintiff being denied credit or being granted credit with a much higher interest rate, and severe humiliation causing emotional distress and mental anguish.

## V.  FIRST CLAIM FOR RELIEF
**(Defendants UpBound Group, Inc. and ACIMA Holdings, Inc.)**
**15 U.S.C. § 1681a(2)(b)(l)(A)**

17. The Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

18. The Defendants violated 15 U.S.C. § 1681a(2)(b)(l)(A) when they failed to conduct a reasonable investigation into the disputed item furnished to the consumer reporting agencies.

19. The Defendants have caused injury in fact, directly and proximately, including by not limited to mental and emotional distress as well as damage to the Plaintiff's credit reputation resulting in credit damages to the Plaintiff.

20. The Defendants' violation of 15 U.S.C. § 1681a(2)(b)(l)(A) conduct was negligent and/or willful.

21. The Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681(n) and (o).

//

## VI.   SECOND CLAIM FOR RELIEF
**(Defendants UpBound Group, Inc. and ACIMA Holdings, Inc.)**
**15 U.S.C. §1681(a)(2)(b)(l)(B)**

22. The Plaintiff re-alleges and incorporates by reference paragraphs 1-21 above.

23. The Defendant violated 15 U.S.C. § 1681(a)(2)(b)(1)(B) when the Defendants failed to correct and/or delete the disputed information prior to submitting the information to the consumer reporting agencies. Further, the Defendants failed to review all relevant information and failed to notate the Plaintiff's dispute.

24. The Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

25. The Defendants' violation was either negligent and/or willful.

26. The Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681(o).

27. Alternatively, the Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681(n).

## VII. THIRD CLAIM FOR RELIEF
**(Defendants UpBound Group, Inc. and ACIMA Holdings, Inc.)**
**15 U.S.C. §1681(a)(3)**

28. The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above.

29. On November 5, 2021, the Plaintiff disputed the accuracy of the information submitted by the Defendants to the consumer reporting agencies.

30. The Defendant violated 15 U.S.C. § 1681(a)(3) when it failed to report the accurate information about the alleged tradeline to the consumer reporting agencies and by failing to report the results of the reinvestigation. Further, the Defendants failed to report the dispute entirely.

31. The Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the Plaintiff.

32. Because of the Defendants' negligent or willfull actions and/or inactions, the Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681(o).

33. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681(n).

### VIII. FOURTH CLAIM FOR RELIEF
### (Defendants UpBound Group, Inc. and ACIMA Holdings, Inc.)
### 15 U.S.C. §1681s-2(b)(1)(E)

34. The Plaintiff re-alleges and incorporates by reference paragraphs 1-33 above.

35. The Defendants violated 15 U.S.C. § 1681(a)(2)(b)(1)(E) when they failed to "modify" or "delete" the inaccurate item of information the consumer disputed in its system, reported the false information with the consumer reporting agencies, and reported the disputed information to the consumer reporting agencies.

36. Further, the Defendants violated 15 U.S.C. § 1681(a)(2)(b)(l)(D) by failing to report inaccurate information to the consumer reporting agencies and continuing to report information that it knew was false, inaccurate, and unverifiable. The Defendant caused injury in fact to the Plaintiff by causing, among other effects, mental and emotional distress and damage to the Plaintiff's credit reputation.

37. The Defendants' violation was negligent and/or willful.

38. Because of the Defendants' negligent or willful actions and/or inactions, the Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681(o).

39. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681(n).

### IX. FIFTH CLAIM FOR RELIEF
**(Defendants UpBound Group, Inc. and ACIMA Holdings, Inc.)**
**15 U.S.C. §1681(a)(2)(b)(l)(E)**

40. The Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above.

41. The Defendants violated 15 U.S.C. § 1681(a)(2)(b)(l)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous, information, or (iii) block the re-reporting of inaccurate or unverifiable information.

42. The Defendants caused injury in fact, by causing, among other effects, mental and emotional distress and damage to the Plaintiff's credit reputation.

43. The Defendants' violation was negligent and/or willful.

44. Because of the Defendants' negligent or willful actions and/or inactions, the Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681(o).

45. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681(n).

//

WHEREFORE, Plaintiff, Vu Trong, respectfully requests that the judgment for the multiple violations by the Defendants, UpBound Group, Inc. and ACIMA Holdings, Inc., be entered pursuant to 15 USC § 1681(n) and 15 U.S.C § 1681(o), the Plaintiff be awarded his attorney's fees and expenses incurred in this action pursuant to 15 USC § 1681(n) and 15 U.S.C § 1681(o), and for any and other such relief as the Court may deem just and proper.

Respectfully submitted,

s/Ge'Andra D. Johnson\
Ge'Andra D. Johnson, OBA# 32810\
**JOHNSON LEGAL, PLLC**\
4101 Perimeter Center Drive, Suite 110\
Oklahoma City, Oklahoma 73112\
Telephone:   (405) 702-7228\
Facsimile:   (405) 702-6898


s/Harmonniey S. Kinchion\
Harmonniey S. Kinchion, OBA# 32979\
**The Law Offices of\
Harmonniey S. Kinchion, PLLC**\
P.O.B. 2771\
Oklahoma City, Oklahoma 73102\
Telephone:   (405) 256-8554\
*Attorneys for Plaintiff*

**JURY TRIAL REQUESTED\
ATTORNEY LIEN CLAIMED**